UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DZ BANK AG DEUTSCHE ZENTRAL GENOSSENSCHAFTBANK, FRANKFURT AM MAIN,<br><br>Plaintiff,<br><br>v.<br><br>CHOICE CASH ADVANCE, LLC, et al.,<br><br>Defendants. | CASE NO. C11-1312JLR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF RULE 54(b) JUDGMENT |

## I.  INTRODUCTION

Before the court are (1) Plaintiff DZ Bank AG Deutsche Zentral Genossenschaftbank, Frankfurt AM Main, New York Branch's ("DZ Bank") motion for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) (Dkt. ## 60, 61) and (2) Defendant Choice Cash Advance, LLC, f/k/a/ Choice Insurance Agency, LLC's ("Choice Insurance") motion to strike a document filed on its behalf by pro se Defendant

ORDER- 1

Louis Meyer (Dkt. # 64). The court has reviewed the motions, the balance of the record, and the applicable law. Being fully advised, the court GRANTS DZ Bank's motion for entry of a Rule 54(b) judgment and GRANTS Choice Insurance's motion to strike.

## II. BACKGROUND

This matter arises out of the failure and subsequent bankruptcy of an insurance agency franchiser, non-party Brooke Credit Corporation ("BCC"), and the cascading effects that failure had on one of its franchisees, Choice Insurance. A detailed account of the consequences of BBC's bankruptcy are set forth in the court's order granting DZ Bank's motion for summary judgment (SJ Ord. (Dkt. # 57)), and the court will not repeat that history here. For purposes of the present motions, it is sufficient to note that DZ Bank filed suit against Choice Insurance on August 9, 2011, alleging one claim for default and breach of a loan agreement against Choice Insurance (*see* Compl. ¶¶ 23-25), one count of breach of a personal guaranty against Defendant Lois Meyer (who is the sole member of Choice Insurance) (*see id.* ¶¶ 26-28), and one count of breach of personal guaranty against Defendant Lynn Meyer (who is the wife of Mr. Meyer) (*see id.* ¶¶ 29-31).

The Meyers ultimately declared bankruptcy, and DZ Bank's action was stayed with respect to them. (*See* Notices (Dkt. ## 38, 39); SJ Ord. at 16, n.5.) DZ Bank and Choice Insurance each filed a motion for summary judgment. (Choice SJ Mot. (Dkt. # 41); DZ Bank SJ Mot. (Dkt. # 45).) DZ Bank's motion for summary judgment pertained solely to its claim for breach of contract against Choice Insurance under Count I of the complaint, and not to its claims against the Meyers for breach of their personal

guaranties under Counts II and III of the complaint. (*See generally* DZ Bank SJ Mot.) In its order on summary judgment, the court found that there was no genuine issue of material fact with respect to Choice Insurance's ultimate default on its loan agreement with DZ Bank. (*See id.* at 9-11.) As a result, the court granted DZ Bank's motion for summary judgment on its breach of contract claim against Choice Insurance for $1,474,564.53 in principal, $174,454.95 in interest, and $61,450.45 in attorney's fees and costs. (*See id.* at 16-23, 25-26).[1]

Following the court's order on summary judgment, DZ Bank moved for entry of final judgment against Choice Insurance pursuant to Federal Rule of Civil Procedure 54(b). (*See generally* Mot. (Dkt. ## 60, 61).)[2] Choice Insurance failed to file a timely response by February 4, 2013. On February 8, 2013, DZ Bank filed a notice asking the court to grant its unopposed motion. (Notice (Dkt. # 62).) On February 10, 2013, Mr. Meyer, acting pro se, filed a response "on behalf of Choice Insurance" to DZ Bank's motion for entry of a Rule 54(b) judgment. (Meyer Resp. (Dkt. # 63).) Mr. Meyer's filing attaches an exhibit that may constitute attorney-client privileged communications or materials that would be otherwise protected by the attorney work product doctrine. (Meyer Resp. Ex. A.) On February 12, 2013, Choice Insurance, through its attorney of

---

[1] The court denied Choice Insurance's motion for summary judgment. (SJ Ord. at 13-15.)

[2] Docket numbers 60 and 61 are identical motions except for the noting dates. DZ Bank originally filed its motion on January 22, 2013 and noted it for the same day. (*See* Dkt. # 60.) At the request of Choice Insurance, DZ Bank re-filed the same motion on January 23, 2013, and re-noted it for February 8, 2013. (*See* Dkt. # 61.)

ORDER- 3

record, filed a motion to strike the document filed by Mr. Meyer. (Mot. to Strike (Dkt. # 64).) No party has filed a response to Choice Insurance's motion to strike.

### III. ANALYSIS

**A. Choice Insurance's Motion to Strike**

Despite the fact that counsel for Choice Insurance appeared in this proceeding on December 19, 2013 (*see* Not. of Appear. (Dkt. # 20)), Mr. Meyer, acting pro se, filed a response purportedly on behalf of Choice Insurance to DZ Bank's motion for entry of judgment under Rule 54(b). (*See* Meyer Resp.)

To the extent that Mr. Meyer was attempting to appear pro se in his capacity as the sole member of Choice Insurance, such an appearance would be prohibited under the court's Local Rules. Local Rule 83.2 states in pertinent part that "[w]hen a party is represented by an attorney of record in a case, the party cannot appear or act on his or her own behalf in that case, or take any steps therein." Local Rules W.D. Wash. CR 83.2(b)(4). Here, there is no dispute that Choice Insurance was represented by counsel at the time Mr. Meyer filed the document at issue.

Further, Supreme Court precedent and this court's Local Rules do not allow for a business entity to appear pro se. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities."); Local Rules W.D. Wash. CR 83.2(b)(3) ("A business entity, except a sole proprietorship, must be represented by counsel."). Thus, even if Choice Insurance's present counsel had withdrawn, Choice Insurance could not appear in these

proceedings pro se. Finally, in its motion to strike, Choice Insurance represents that "[t]he decision to refrain from filing a response to Plaintiff DZ Bank's motion for judgment was purposeful." (Mot. to Strike at 2.) The court, therefore, GRANTS Choice Insurance's motion to strike the "response" to DZ Bank's motion that Mr. Meyer improperly filed on behalf of Choice Insurance.[3]

### B. DZ Bank's Motion for Entry of Judgment under Rule 54(b)

Federal Rule of Civil Procedure 54(b) provides that final entry of judgment should be made on individual claims in multiple claim suits upon an express determination that there is no just reason for delay. Fed. R. Civ. P. 54(b); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006). The court is to make specific findings that set forth the reasons for granting a Rule 54(b) motion. *In re Lindsay*, 59 F.3d 942, 951 (9th Cir.1995). In making a determination under Rule 54(b), a court must first determine that it is dealing with a final judgment. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)); *see also Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). There is no question that the court's order granting DZ Bank's motion for summary judgment was a final judgment with

---

[3] In addition to the foregoing grounds, no party filed an opposition to Choice Insurance's motion to strike. Under the court's Local Rules, "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. CR 7(b)(2).

respect to DZ Bank's claim for breach of contract against Choice Insurance. The order disposes of the only claim that DZ Bank asserted against Choice Insurance and states that the court "will enter judgment against Choice Insurance and in favor of DZ bank for $1,474,564.52 in principal, $174,454.95 in interest, and $61,450.45 in attorneys' fees and costs, for a total judgment of $1,710,469.93." (SJ Ord. at 25-26.)

Second, in evaluating the entry of judgment under Rule 54(b), the court must determine whether there is any just reason for delay. *Curtiss-Wright*, 446 U.S. at 7; *Wood*, 422 F.3d at 878. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Curtiss-Wright Corp.*, 446 U.S. at 8; *Sears, Roebuck*, 351 U.S. at 437; *Wood*, 422 F.3d at 878. A court's application of Rule 54(b) should preserve "the historic federal policy against piecemeal appeals." *Curtiss-Wright*, 446 U.S. at 8; *Sears, Roebuck*, 351 U.S. at 438; *Wood*, 422 F.3d at 878-79. The Ninth Circuit, however, embraces a "pragmatic approach focusing on severability and efficient judicial administration." *Wood*, 422 F.3d at 880; *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir.1987).

DZ Bank's claim against Choice Insurance for breach of its loan agreement can be separated from DZ Bank's claims against the Meyers for breach of their personal guaranties for purposes of entry of a Rule 54(b) judgment. DZ. Bank's claims against the Meyers are based upon their personal guaranties, the terms and conditions of which are distinct from those under the loan agreement that Choice Insurance breached through

default.[4] (*See generally* Compl.) DZ Bank has not sued the Meyers for breach of the loan agreement. Because DZ Bank's claims against the Meyers are stayed due to their personal bankruptcies, and because those claims are distinct from DZ Bank's claim against Choice Insurance (which the court has completely resolved on summary judgment), there is no just reason for delay with respect to entry of final judgment against Choice Insurance.[5] *See, e.g., CML-NV Civic Center, LLC v. Gowan Indus., LLC*, No. 2:11-cv-00120-PMP-PAL, 2011 WL 6752406, at *1 n.3, *11-12 (D. Nev. Dec. 23, 2011) (directing that entry of default judgment against defaulting business entity be deemed a final judgment pursuant to Rule 54(b)) because the matter was stayed as to those individual defendants who personally guaranteed the loan and were in bankruptcy); *CV-NV Two, LLC v. Teco Commons, LLC*, No. 2:11-cv-00121-PMP-RJJ, 2011 WL 6752568, at *1 n.4, *11-12 (D. Nev. Dec. 23, 2011) (same).

//

---

[4] It does not disqualify entry of a Rule 54(b) final judgment against Choice Insurance that some of the facts underlying DZ Bank's claim against Choice Insurance and DZ Bank's claims against the Meyers may overlap. *See Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*, 594 F.2d 1313, 1316 (9th Cir. 1979) ("[Plaintiff] cannot successfully attack the court's finding of multiple claims [with respect to a Rule 54(b) judgment] merely by showing that some facts are common to all of its 'theories of recovery.'"); *see also Noel v. Hall*, 568 F.3d 743, 747 (9th Cir.2009) ("[C]laims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would 'streamline the ensuing litigation.'") (quoting *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991)).

[5] In addition to the foregoing reasons, like Choice Insurance's motion to strike, no party filed a timely and authorized response to DZ Bank's motion. Indeed, Choice Insurance has acknowledge that its "decision to refrain from filing a response to . . . the motion for judgment was purposeful." (Mot. to Strike at 2.) As noted in footnote 3 above, a party's failure to file an opposition may be considered by the court as an admission that the motion has merit. Local Rules W.D. Wash. CR 7(b)(2).

ORDER- 7

## IV. CONCLUSION

Based on the foregoing, the court GRANTS Choice Insurance's motion to strike the document filed by Mr. Meyer purportedly on Choice Insurance's behalf (Dkt. # 64). The court also GRANTS DZ Bank's motion for entry of final judgment against Choice Insurance pursuant to Federal Rule of Civil Procedure 54(b) (Dkt. ## 60, 61). Accordingly, the court DIRECTS that its January 14, 2013, order granting summary judgment with respect to DZ Bank's claim against Choice Insurance (Dkt. # 57) shall be deemed a final judgment with respect to Choice Insurance pursuant to Federal Rule of Civil Procedure 54(b).

Dated this 1st day of March, 2013.

JAMES L. ROBART
United States District Judge